[Cite as *State v. Blackson*, 2018-Ohio-2215.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-58 |
| | : | |
| v. | : | Trial Court Case No. 17-CR-10 |
| | : | |
| STEVEN A. BLACKSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, 55 Greene Street, 1st Floor, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant-Appellant, Steven Blackson, appeals from his conviction on one count of rape of a person under the age of 13 and one count of sexual battery. We conclude that the rape conviction is not against the manifest weight of the evidence. So we affirm.

## I. Facts and Course of Proceedings

{¶ 2} Blackson was indicted in March 2017 on multiple felonies for sexual conduct with his daughter "Jane"[1]—one count of rape of a person under the age of 13 (Count I), one count of rape of a person over 13 (Count II), and two counts of sexual battery (Counts III and IV). The time frame of Count I alleged in the indictment was between late September 2010 and early May 2011, during which time Jane would have been 11 years old.

{¶ 3} The charges arose from sexual conduct that allegedly occurred from the time that Jane was 11 until she was 15. Jane testified that she was born in late September 1999. The first instance of sexual conduct (Count I), she said, occurred in 2010 when she was in sixth grade, "11/12" years old, when the weather was warm. (Tr. 214). Jane and her father were watching the television show *Hannah Montana* together, and they began to discuss their shared attraction for Miley Cyrus, who played the title character in the show. They then began watching a pornographic video. Blackson had Jane stroke his penis, and he put his finger into her vagina. They moved to the couch, where Blackson kneeled in front of Jane and began to "finger" her. (Tr. 212). He then had her lay on the

---

[1] To protect the identity of the victim, we will refer to her using the pseudonym "Jane."

couch and placed his penis into her vagina and began thrusting. The trial judge interrupted to ask, "I do want to confirm. This is in 2010?" and Jane answered, "Yes." (*Id.* at 214).

**{¶ 4}** Jane also described two other times that Blackson had sex with her. One time happened in 2012 or 2013 in his bathroom. The other time occurred in a bedroom in Jane's boyfriend's grandmother's house. Her boyfriend walked in on them and Blackson stopped. She asked her boyfriend not to tell anyone because she was afraid of losing her father. In October 2016, Jane told a school counselor that her father had been raping her since she was "11 or 12." (Tr. 223). She testified that she had been forensically interviewed in 2013 but did not disclose the abuse because she was scared and loved her father.

**{¶ 5}** Detective Shaun Pettit testified that he was assigned to investigate this case. Pettit said that according to his research *Hannah Montana* aired between 2006 and 2011, though he acknowledged that the television show was still airing (presumably in re-runs). Pettit testified that on several occasions Jane told him that she was 12 when the abuse occurred. But in a statement that she wrote for Pettit, Jane said that the first time was in the summer of 2010.

**{¶ 6}** In early March 2017, Blackson was indicted on one count of rape of a person under the age of 13, one count of rape of a person over 13, and two counts of sexual battery. The state dismissed one sexual-battery count, so Blackson was tried on the remaining sexual-battery count and the two rape counts. The jury found him guilty of the rape of a person under the age of 13 (Count I) and of sexual battery but was unable to reach a consensus on the other rape charge. Blackson was sentenced to a total of 15

years to life in prison.

{¶ 7} Blackson now appeals from his convictions.

## II. Analysis

{¶ 8} The sole assignment of error alleges that the conviction for rape of a person under the age of 13 is against the manifest weight of the evidence because Jane's testimony as to her age was inconsistent and unreliable.

{¶ 9} "When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Watson*, 2015-Ohio-4517, 46 N.E.3d 1090, ¶ 21 (2d Dist.), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} Count I of the indictment here charged Blackson with rape of a person under age 13, in violation of R.C. 2907.02(A)(1)(b), which states:

(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

* * *

(b) The other person is less than thirteen years of age, whether or

not the offender knows the age of the other person.

The only issue here is whether the weight of the evidence supports Jane being under 13 years old when the first incident of abuse occurred.

{¶ 11} "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12. We have often stressed that "[b]ecause the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). *See also, e.g., Wilson* at ¶ 15. We have further stressed that

> the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion. Therefore, although this distinction is not set forth in *Thompkins*, *supra*, [78 Ohio St.3d 380, 678 N.E.2d 541,] we conclude that a decision by a factfinder as to which testimony to credit, and to what extent, is a decision that is entitled to greater deference than the decision as to how much logical force to assign an inference suggested by that evidence—in

short, how persuasive it is.

*Lawson* at *4.

{¶ 12} We have reviewed the entirety of the record and find that the conviction for rape of a person under age 13 is not against the manifest weight of the evidence. Jane's birthdate is in late September 1999. The indictment lists dates for the rape as between late September 2010 and early May 2011, so she would have been 11 years of age at the listed time (turning 13 in late September 2012). Jane's direct testimony indicated that sexual abuse began when she was in sixth grade, when she was 11 or 12 years old and the weather was warm. Assuming normal school progression, the sixth grade would have been the 2010-2011 school year, when Jane was 11, which she turned in late September 2010. While Jane told Detective Pettit that the first time it happened she was 12 years old, in a statement that she wrote for Pettit, she said that the first time was in the summer of 2010, making her 11 at the time. Jane also told the trial court that it happened in 2010. Lastly, we note that Jane told her school counselor that Blackson had been raping her since she was 11 or 12.

{¶ 13} The first rape could not have happened when Jane was 12 years old. It was stipulated that Blackson was in prison from May 10, 2011, until May 7, 2013 which would be the entire time that Jane was 12. Still, the jury could reasonably have found that the rape occurred when Jane was 11. This is consistent with the weight of the evidence that the abuse started in the summer of 2010, when the weather was warm. This is not the " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.

## III. Conclusion

{¶ 14} The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Nathaniel R. Luken
Robert Alan Brenner
Hon. Stephen Wolaver